## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DIVERSIFIED LENDERS, LLC,
an Oklahoma limited liability company

      Plaintiff,

v.

      Miscellaneous Action No. 8:17-mc-37-T-36-AEP

AMAZON LOGISTICS, INC., a Delaware
corporation, and VERTICAL HOLDINGS
UNLIMITED, LLC d/b/a VHU EXPRESS,
a Florida limited liability company,

      Defendants.

Court of Origin:
United States District Court,
Western District of Washington,
Case No. 2:16-cv-01232-RSL

_____/

## PLAINTIFF DIVERSIFIED LENDERS, LLC'S MOTION FOR ORDER TO SHOW CAUSE WHY VERTICAL HOLDINGS UNLIMITED, LLC SHOULD NOT BE HELD IN CIVIL CONTEMPT OF COURT, TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO THE SUBPOENA AND REQUEST FOR SANCTIONS

Plaintiff Diversified Lenders, LLC ("Diversified"), by and through its undersigned

counsel, and pursuant to Federal Rule of Civil Procedure 45, hereby moves the Court for an

Order directing Defendant Vertical Holdings Unlimited, LLC d/b/a VHU Express ("VHU"), by

and through its Managing Members Lisa and Craig Bythewood, to appear immediately, or at

some later time as this Court may direct, and (1) show cause why VHU, by and through Lisa and

Craig Bythewood, should not be held in contempt of this Court for VHU's failure to comply with

a duly issued and properly served Subpoena to Testify at a Deposition in a Civil Action issued by

Diversified to VHU (the "Subpoena"), a true and correct copy of which is attached as **Exhibit 1**,

which required VHU to produce documents to Diversified by no later than March 17, 2017, (2)

for an Order compelling VHU to produce documents in response to the Subpoena within three

(3) days of the date of this Court's Order, and (3) for sanctions, including an award of attorney's



*Diversified Lenders, LLC v. Amazon Logistics, Inc., et al*
Motion for Order to Show Cause
Page 2 of 9

fees and court costs, for VHU's failure to comply with the Subpoena, in support thereof states as follows:

## I.     Factual and Procedural Background.

This is an action to collect on outstanding and unpaid accounts[1] that total more than **$1.7 million** (the "Outstanding and Unpaid Invoices") which are due and owing by Defendant Amazon Logistics, Inc. ("Amazon") for transportation and delivery services provided by VHU to Amazon, the right to receive payment of which was assigned by VHU to Diversified. Pursuant to a contract dated March 16, 2015, VHU delivered packages for Amazon in certain areas around the country including Miami, Florida and Boston, Massachusetts. Amazon has defended by alleging, amongst other things, that it has paid Diversified for all monies due and owing to VHU and that it may offset any monies due to Diversified that Amazon paid to VHU's employees for unpaid wages. However, Diversified contends that Amazon either improperly maintained records relating to the services provided by VHU and/or improperly calculated the amount of the services provided by VHU to Amazon. Amazon's error has left more than seventy (70) invoices for services provided by VHU to Amazon either partially or completely unpaid.

In order to gather facts to prosecute its claims against Amazon and to refute Amazon's defenses, including documents pertaining to the services performed by VHU for Amazon and VHU's efforts to resolve the overtime wage claims by VHU's employees, Diversified issued the Subpoena to VHU on March 1, 2017.[2] After spending eight days attempting to locate VHU's Registered Agent and Managing Member, Lisa Bythewood, on March 8, 2017, Diversified

---

[1] Pursuant to UCC § 9-102(a)(2), the term "account" is defined to mean "(i) a right to payment of a monetary obligation, whether or not earned by performance, (A) for property that has been or is to be sold. . . (B) for services rendered or to be rendered. . . .

[2] Although VHU is a named defendant in this action, the Subpoena was required because VHU failed to appear and defend in this action and a default was entered against VHU on July 5, 2016.

*Diversified Lenders, LLC v. Amazon Logistics, Inc., et al*
Motion for Order to Show Cause
Page 3 of 9

served the Subpoena upon Christopher Stroud, the Chief Operating Officer of VHU.[3] Diversified was eventually able to locate Ms. Bythewood and on March 10, 2017, Diversified served Ms. Bythewood with a copy of the Subpoena to VHU and a subpoena for her personal appearance at a deposition on March 28, 2017.

The Subpoena provides that VHU was to produce the documents listed in Exhibit C to the Subpoena to Diversified by no later than March 17, 2017. The Subpoena also provides that VHU is to appear for deposition on March 28, 2017. VHU did not produce any documents to Diversified by March 17, 2017, VHU did not request an extension of time to respond to the Subpoena, nor did VHU file or serve an objection or other response to the Subpoena. VHU's failure to comply with the Subpoena will both hinder Diversified's ability to prosecute its claim against Amazon but also Diversified's ability to take an effective and complete deposition of VHU on March 28.

On March 20, 2017, in a good faith effort to obtain the requested documents from VHU, the undersigned counsel sent an e-mail to Ms. Bythewood requesting that all documents be produced by the close of business on March 20, 2017, and offering several options to assist VHU in producing documents to Diversified, including sending a copy service to Ms. Bythewood to copy all documents at no charge to VHU. Ms. Bythewood responded to the undersigned counsel that documents had previously been provided to Diversified when Diversified conducted an audit of VHU and that responsive documents were in a storage unit. As to the documents in storage, Ms. Bythewood stated: "I am not able to access them because I am locked out of my storage unit because of non payment." Ms. Bythewood was advised of her obligation to respond to the

---

[3] In violation of Florida Statute § 48.091, the office of the Registered Agent was not open from 10:00 a.m. to 12:00 p.m. each day, and Diversified was unable to locate anyone at the company's office address after several different attempts. Diversified believes that Ms. Bythewood was attempting to evade service.

*Diversified Lenders, LLC v. Amazon Logistics, Inc., et al*
Motion for Order to Show Cause
Page 4 of 9

Subpoena and was requested to contact the undersigned counsel upon obtaining the documents from storage.

On March 21, 2017, Ms. Bythewood forwarded the undersigned counsel three (3) single page e-mails from her Gmail account with a total of ten PDF documents attached that contain one to three page documents relating to six of the invoices issued by Amazon to VHU (out of the more than 100 invoices that were issued by VHU to Amazon). Ms. Bythewood there after sent an e-mail to the undersigned counsel that provided simply "information sent." The undersigned counsel requested Ms. Bythewood to clarify whether documents responsive to the Subpoena have been mailed to the office of the undersigned counsel or if by "information sent" Ms. Bythewood was simply referring to the three e-mails that were forwarded at 12:16 and 12:20 p.m. on March 21, 2017. Ms. Bythewood responded "I sent everything you asked me for electronically." The undersigned counsel further clarification as Diversified would expect the Subpoena to yield several thousand pages of documents, not simply a handful. As of the filing of this Motion, the undersigned counsel did not receive a response from Ms. Bythewood. A true and correct copy of the e-mail string between the undersigned counsel and Ms. Bythewood is attached as Composite **Exhibit 2**.

It is apparent from Ms. Bythewood's e-mails that VHU has no intention of complying with the Subpoena or otherwise obtaining all of the responsive documents from storage and no intention of producing all of the requested documents to Diversified. VHU should be required to show cause to this Court why VHU, by and through its managing members Lisa and Craig Bythewood, should not be held in contempt of this Court for failing to comply with the Subpoena. In order to purge itself of contempt, VHU should further be ordered to produce all of the requested documents to Diversified within three (3) days of the date of the Court's Order to

*Diversified Lenders, LLC v. Amazon Logistics, Inc., et al*
Motion for Order to Show Cause
Page 5 of 9

Show Cause and should pay to Diversified its reasonable expenses in bringing this Motion, including its reasonable attorney's fees and court costs, including the $47.00 filing fee paid to this Court.

## II. **This Court Should Enter an Order to Show Cause Why VHU Should Not be Held in Contempt of Court for its Direct Failure to Comply with the Subpoena.**

### A.   **Standard for Finding Contempt Under Fed. R. Civ. P. 45.**

Federal Rule of Civil Procedure 45 permits a party to procure discovery through the issuance of a subpoena. "One who fails to obey a properly issued and served subpoena without adequate excuse may be found in contempt of Court." *Hernandez v. Tregea*, 2008 WL 3157192, *3 (M.D. Fla. Aug. 4, 2008). Specifically, Fed. R. Civ. P. 45(g) states that:

> CONTEMPT. The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Civil contempt sanctions may be levied against the party held in contempt of court in the form of a fine and/or confinement. *See Hernandez*, 2008 WL 3157192 at *3; *See also* 28 U.S.C. 1826 (authorizing confinement for a recalcitrant witness). The 2013 Committee Notes state that subdivision (g) carries forward the authority to punish disobedience of subpoena as contempt. The Committee went on to state that the rule was clarified to show that contempt sanctions may be applied to a person who disobeys a subpoena-related order, as well as one who fails entirely to obey a subpoena. "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena. Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's

*Diversified Lenders, LLC v. Amazon Logistics, Inc., et al*
Motion for Order to Show Cause
Page 6 of 9

command. Disobedience of such an order may be treated as contempt." Fed. R. Civ. P. 45, 2013

Committee Notes.

A non-party's failure to timely object to a Rule 45 subpoena generally requires the court

to find that all objections are waived. *McCoy v. Southwest Airlines Co.,* 211 F.R.D. 381, 385

(C.D. Cal. 2002). Where the purpose of a civil contempt sanction is to coerce good faith efforts

to comply with a discovery request, contempt is proper. *Richmark Corp. v. Timber Falling*

*Consultants,* 959 F.2d 1468, 1480 (9th Cir. 1992). Furthermore, a subpoena is itself a court

order, and noncompliance may warrant contempt sanctions. *Pennwalt Corp. v. Durand-Wayland,*

*Inc.,* 708 F.2d 492, 494 n.5 (9th Cir. 1983).

**B.    VHU Failed to Comply with the Subpoena and Should be Ordered to Show Cause Why it Should not be Held in Contempt of This Court.**

VHU intentionally failed to comply with a duly issued and properly served Subpoena

directing it to produce documents to Diversified by March 17, 2017. VHU failed to comply with

the Subpoena by failing to produce documents, failing to request additional time to produce

documents, and failing to object or take any actions to suggest that it intended to comply with the

Subpoena or the Rules of this Court. VHU's *after-the-fact* excuses as to why it failed and would

continue to fail to comply with the Subpoena do not extricate VHU from its obligation to

produce documents to Diversified.

As to Ms. Bythewood's claim that the documents are already in Diversified's possession,

such claim is unsupported and believed to be patently false. Diversified conducted an audit of

VHU in February of 2016 with the primary focus of determining whether Amazon had been

paying any accounts directly to VHU. The only documents obtained from VHU during the audit

included copies of invoices and scheduling reports detailing the hours VHU employees delivered

packages for Amazon. At a minimum, Diversified is left without documents responsive to

*Diversified Lenders, LLC v. Amazon Logistics, Inc., et al*
Motion for Order to Show Cause
Page 7 of 9

production request numbers 1(b) and (c); 2(b), (c), and (d); 3; 5; 6(b), (c) and (d); 7; 8; 9; 10; 12; 13 and 14.

The fact that the documents are in a storage unit which VHU allegedly cannot access due to non-payment is also not a justifiable excuse for not complying with the Subpoena. VHU is required by the Federal Rules of Civil Procedure to produce to Diversified all documents within its possession, custody or control. *See Costa v. Kerzner Int'l Resorts, Inc.*, 227 F.R.D. 468 (S.D. Fla. 2011). VHU has control of the documents within the storage unit and should take affirmative steps to obtain those documents from the storage unit in order to produce them to Diversified. Indeed, VHU provided Diversified with no person in control of the storage unit, how much rent is due, any invoice or bill issued by the storage unit, any contract information such as a phone number or location address so that Diversified could seek to verify VHU's claim after having wrongfully ignored the Subpoena.

Therefore, it is appropriate for the Court to enter an order to show cause why VHU, by and through its managing members Lisa and Craig Bythewood, should not be held in contempt of this Court. Diversified requests that the Court's Order to Show Cause require VHU to file by a date certain a declaration under oath providing, at best, the following information: the person in control of the storage unit, the name of the storage facility, the address whether the storage unit is located, and the phone number of the facility. It is further appropriate to order VHU to produce all of the requested documents to Diversified within three (3) days of the date of the Court's Order to Show Cause and to pay to Diversified its reasonable expenses in bringing this Motion, including its reasonable attorney's fees and court costs, including the $47.00 filing fee paid to this Court.

*Diversified Lenders, LLC v. Amazon Logistics, Inc., et al*
Motion for Order to Show Cause
Page 8 of 9

WHEREFORE, Plaintiff Diversified Lenders, LLC respectfully requests that this Court enter an order granting this Motion, issuing an Order to Show Cause to this Court why VHU, by and through its managing members Lisa and Craig Bythewood, should not be held in contempt of this Court for failing to comply with the Subpoena; Ordering that VHU may purge itself of contempt by producing all of the requested documents to Diversified within three (3) days of the date of the Court's Order to Show Cause; awarding Diversified its reasonable expenses in bringing this Motion, including its reasonable attorney's fees and court costs, including the $47.00 filing fee paid to this Court; and granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

ULLMAN & ULLMAN, P.A.
*Attorneys for Diversified Lenders, LLC*
7700 West Camino Real, Suite 401
Boca Raton, Florida 33433
Telephone: (561) 338-3535
Facsimile: (561) 338-3581


BY:   *Jocelyne A. Macelloni*
      JOCELYNE A. MACELLONI
      Florida Bar No. 92092
      Email: jocelyne.macelloni@uulaw.net
      MICHAEL W. ULLMAN
      Florida Bar No. 259667
      Email: michael.ullman@uulaw.net
      JARED A. ULLMAN
      Florida Bar No.
      Email: jared.ullman@uulaw.net

*Diversified Lenders, LLC v. Amazon Logistics, Inc., et al*
Motion for Order to Show Cause
Page 9 of 9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by e-mail to Vanessa S. Power, Esq. and Reed W. Morgan, Esq., Stoel Rives LLP, *counsel to Amazon Logistics, Inc.*, at vanessa.power@stoel.com and reed.morgan@stoel.com, and by U.S. Mail to Vertical Holdings Unlimited, LLC, Lisa Bythewood and Craig Bythewood at 10511 Martinique Isle Drive, Tampa, FL 33647 on this 21st day of March, 2017.

BY: _Jocelyne A. Macelloni_____
    JOCELYNE A. MACELLONI

G\wp51 16\160018\Pleadings\Motion for Order to Show Cause against VHU (3-21-17) FINAL.doc

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

| | | |
|---|---|---|
| DIVERSIFIED LENDERS, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:16-cv-01232-RSL |
| AMAZON LOGISTICS, INC., et. al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:            VERTICAL HOLDINGS UNLIMITED, LLC d/b/a VHU EXPRESS

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See the Definitions and categories in which the deponent will be examined, each of which are attached hereto as Exhibit "A" and Exhibit "B," respectively.

| Place: Esquire Solutions, 101 East Kennedy Blvd., Suite 3350 Tampa, FL 33602 | Date and Time: <br> 03/28/2017 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and/or audiovisual

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: those documents identified in Exhibit "C" attached hereto.

Vertical Holdings Unlimited, LLC shall also produce all documents sought in Exhibit "C" by no later than March 17, 2017, to Jocelyne A. Macelloni, Esq., at Ullman & Ullman, P.A., 770 West Camino Real, Suite 401, Boca Raton, FL 33433 or by email to jocelyne.macelloni@uulaw.net

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/01/2017

|  *CLERK OF COURT* |  |
|---|---|
| | OR |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Diversified Lenders, LLC                                                                  , who issues or requests this subpoena, are:

Jocelyne A. Macelloni, Esq., Ullman & Ullman, P.A., 7700 West Camino Real, Suite 401, Boca Raton, FL 33433.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**
**1**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:16-cv-01232-RSL

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                            *Server's signature*

                                   _____
                                            *Printed name and title*

                                   _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

a.    "Accounts" shall have the same meaning as given to the term in Oklahoma Stat. § 12A-1-9-102(a)(2) and Uniform Commercial Code § 9.102(2): "a right to payment of a monetary obligation, whether or not earned by performance ... for property that has been or is to be sold . . ., for services rendered. . . ."

b.    "Amazon," shall mean Defendant Amazon Logistics, Inc., and shall include, without limitation, its: officers, directors, employees, representatives, agents, or any other Persons acting or purporting to act, on behalf of Amazon.

c.    "Bythewood" shall mean Lisa Bythewood.

d.    "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

e.    "Describe" and "Describing" means (i) state the place and date of, and (ii) "Identify" the Persons, if any involved, and (iii) "Identify" the "Documents", if any, involved or relevant to the facts, transactions, communications, events, circumstances or occurrences in question; and (iv) state the nature and subject matter of the facts, transactions, communications, events, circumstances Documents or occurrences in question.

f.    "Diversified" shall mean Plaintiff Diversified Lenders, LLC, and shall include, without limitation, its: officers, directors, employees, representatives, agents, or any other Persons acting or purporting to act, on behalf of Diversified.

g.    "Document(s)" shall mean any writing, recording or photograph in Your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, to the subject of the interrogatory in which this term is used and more specifically    may    include    correspondence,    letters,    facsimile    transmissions,    e-mail communications, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings, data stored, maintained or organized electronically or magnetically through computer equipment, and includes Electronically Stored Information or ESI.

h.    "Electronically Stored Information" or "ESI" is any information created or stored on o in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants;

EXHIBIT A - 1
No. 2:16-cv-01232-RSL

Ullman & Ullman, P.A.
7700 W. Camino Real, Suite 401
Boca Raton, FL 33433
Phone (561) 338-3535
Fax (561) 338-3581

handheld wireless devices; cellular telephones; pagers; fax machines; and voicemail systems, and any and all files and file fragments, regardless of the media on which they reside and regardless of whether said electronically stored data consists in an active file, deleted file or file fragment.

i.      "Identify," when used in reference to a Document, means and includes the name and address of the custodian of the Document, the location of the Document, and a general description of the Document, including (1) the type of Document (i.e., correspondence, memorandum, facsimile etc.); (2) the general subject matter of the Document; (3) the date of the Document, if known; (4) the author of the Document, if known; (5) the addressee of the Document, if known; and (6) the relationship of the author and addressee to each other, if known.

j.      "Identify," when used in reference to a Person, means and includes: (1) the name of the Person; (2) the present address of the Person if known; (3) the Person's telephone number if known; (4) the employer of the Person, if known; and (5) the relationship of the Person to Defendant, if known.

k.      "Identify," when used in reference to a statement, means and includes: (1) the name of the Person making the statement; (2) the general subject matter of the statement; (3) the date the statement was made; and (4) to whom the statement was made.

l.      "Outstanding and Unpaid Accounts" shall mean the following Accounts:

| INVOICE NUMBER | DATE | AMOUNT |
|---|---|---|
| 1047 | 8/18/2015 | $   27,586.44 |
| 1049 | 8/24/2015 | $   34,176.80 |
| 1054 | 8/27/2015 | $   27,339.56 |
| 1065 | 9/6/2015 | $   44,991.90 |
| 1066 | 9/6/2015 | $   38,022.78 |
| 1067 | 9/6/2015 | $   19,094.22 |
| 1068 | 9/6/2015 | $   41,992.16 |
| 1083 | 9/21/2015 | $   32,836.36 |
| 1081 | 9/22/2015 | $   40,671.10 |
| 1086 | 9/25/2015 | $   15,966.24 |
| 1087 | 9/25/2015 | $   41,066.15 |
| 1088 | 9/25/2015 | $   21,363.86 |
| 1089 | 9/25/2015 | $   40,904.93 |

EXHIBIT A - 2
No. 2:16-cv-01232-RSL

Ullman & Ullman, P.A.
7700 W. Camino Real, Suite 401
Boca Raton, FL 33433
Phone (561) 338-3535
Fax (561) 338-3581

| | | | |
|------|------------|-----|-----------|
| 1090 | 9/28/2015  | $ | 44,854.55 |
| 1095 | 10/5/2015  | $ | 9,846.28  |
| 1096 | 10/7/2015  | $ | 46,629.63 |
| 1097 | 10/7/2015  | $ | 43,136.36 |
| 1098 | 10/7/2015  | $ | 38,943.10 |
| 1099 | 10/7/2015  | $ | 39,400.43 |
| 1100 | 10/7/2015  | $ | 42,514.68 |
| 1106 | 10/19/2015 | $ | 42,475.24 |
| 1107 | 10/19/2015 | $ | 43,136.36 |
| 1108 | 10/19/2015 | $ | 37,733.34 |
| 1109 | 10/19/2015 | $ | 38,647.07 |
| 1116 | 10/23/2015 | $ | 37,733.34 |
| 1117 | 10/23/2015 | $ | 38,647.07 |
| 1122 | 10/31/2015 | $ | 5,008.57  |
| 1118 | 11/1/2015  | $ | 46,779.20 |
| 1119 | 11/1/2015  | $ | 47,020.13 |
| 1120 | 11/1/2015  | $ | 41,348.87 |
| 1121 | 11/1/2015  | $ | 50,287.37 |
| 1134 | 11/19/2015 | $ | 33,930.76 |
| 1135 | 11/19/2015 | $ | 20,462.66 |
| 1136 | 11/19/2015 | $ | 24,920.45 |
| 1137 | 11/19/2015 | $ | 28,697.87 |
| 1138 | 11/19/2015 | $ | 730.00    |
| 1143 | 11/22/2015 | $ | 29,832.58 |
| 1159 | 11/29/2015 | $ | 15,016.69 |
| 1162 | 11/29/2015 | $ | 19,403.39 |
| 1157 | 12/6/2015  | $ | 23,529.97 |
| 1160 | 12/6/2015  | $ | 19,232.14 |
| 1163 | 12/6/2015  | $ | 19,998.38 |
| 1165 | 12/6/2015  | $ | 19,960.66 |
| 1158 | 12/13/2015 | $ | 25,174.84 |
| 1161 | 12/13/2015 | $ | 19,232.14 |
| 1164 | 12/13/2015 | $ | 19,444.41 |
| 1166 | 12/27/2015 | $ | 13,648.63 |

EXHIBIT A - 3
No. 2:16-cv-01232-RSL

Ullman & Ullman, P.A.
7700 W. Camino Real, Suite 401
Boca Raton, FL 33433
Phone (561) 338-3535
Fax (561) 338-3581

| | | | |
|---|---|---|---|
| 1167 | 12/27/2015 | $ | 31,202.12 |
| 1189 | 1/17/2016 | $ | 12,068.52 |
| 1190 | 1/17/2016 | $ | 25,192.69 |
| 1192 | 1/17/2016 | $ | 34,222.82 |
| 1193 | 1/24/2016 | $ | 12,068.52 |
| 1194 | 1/24/2016 | $ | 25,923.21 |
| 1196 | 1/24/2016 | $ | 32,370.40 |
| 1199 | 1/24/2016 | $ | 12,068.52 |
| 1198 | 1/31/2016 | $ | 33,469.53 |
| 1200 | 1/31/2016 | $ | 21,464.19 |
| 1197 | 2/1/2016 | $ | 7,808.24 |
| 1207 | 2/7/2016 | $ | 8,779.05 |
| 1202 | 2/7/2016 | $ | 12,405.20 |
| 1203 | 2/7/2016 | $ | 9,403.49 |
| 1204 | 2/7/2016 | $ | 29,779.98 |
| 1205 | 2/7/2016 | $ | 4,704.75 |
| 1206 | 2/7/2016 | $ | 5,744.10 |
| 1207 | 2/7/2016 | $ | 2,081.50 |
| 1208 | 2/7/2016 | $ | 5,695.25 |
| 1189A | 1/20/2016 | $ | 1,232.00 |
| **TOTAL** | | | **$1,781,053.74** |

m.    "Person" or "Persons" include the singular and plural of natural Persons, partnerships, associations, corporations, organizations, governments (including all instrumentalities, officers, agents, and subdivisions thereof) and all other business, legal or artificial entities.

n.    "Relating to" shall mean in any way, directly or indirectly, concerning, referring, considering, analyzing, supporting or qualifying.

o.    "VHU," "You," "Yours," and/or "Yourselves" shall mean Defendant Vertical Holdings Unlimited, LLC d/b/a VHU Express, and shall include, without limitation, its: officers, directors, employees, representatives, agents, or any other Persons acting or purporting to act, on behalf of VHU.

p.    With respect to each document requested herein that has been lost, destroyed or otherwise disposed of since its preparation or receipt, provide the following information

EXHIBIT A - 4
No. 2:16-cv-01232-RSL

Ullman & Ullman, P.A.
7700 W. Camino Real, Suite 401
Boca Raton, FL 33433
Phone (561) 338-3535
Fax (561) 338-3581

1 separately as to each document:  general description of the subject matter, author, recipient(s),
2 date, last custodian of the documents or copies thereof and the full particulars or circumstances
  whereby the document was lost, destroyed or otherwise disposed of.

3

4     q.     With respect to any document that is withheld on the ground of privilege, state
  the nature of the privilege and the basis upon which you rely, and provide a description of the
5 document by author, date, addressee, custodian and subject matter, and identify all persons who
  have seen the document or any copy thereof or to whom the subject matter was otherwise
6 disclosed.

7     r.     **Unless otherwise stated, the documents requested herein are those**
  **documents in your possession, custody and control that came into existence on or after**
8 **April 1, 2015.**

9

10

11

12

13

14

15                         [THIS SPACE INTENTIONALLY LEFT BLANK]

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT A - 5                                    **Ullman & Ullman, P.A.**
No. 2:16-cv-01232-RSL                            7700 W. Camino Real, Suite 401
                                                 Boca Raton, FL 33433
                                                 Phone (561) 338-3535
                                                 Fax (561) 338-3581

**EXHIBIT B**

**Fed. R. Civ. P. 30(b)(6) Designations to VHU**

Diversified hereby designates the following categories on which the examination of VHU, is sought, and VHU shall designate all such officers, directors, managing agents or other persons who consent to testify on deponent's behalf regarding the following:

1.      VHU's business dealings with Amazon in respect to all transportation services provided by VHU to Amazon including, but not limited to, accounts receivable; the manner in which VHU's invoices were submitted to Amazon for payment, including any all documents required to be completed by Amazon and the information submitted to Amazon through any portal or other Amazon system or database; any records, documents or communications related to the submission, processing and payment of VHU's invoices; the identities of individuals who have knowledge of the submission of VHU's invoices or so acted, controlled or directed such actions, and the description of their knowledge, action, direction or control; and all contracts by, between and among VHU and Amazon, including the negotiations of all such contracts.

2.      All payments made by Amazon for transportation or any other services rendered to Amazon by VHU, including any records, documents or communications related thereto, the identities of individuals who have knowledge thereof or so acted or controlled or directed such actions or communications, and the description of their knowledge, action, direction or control.

3.      The records custodian(s) with the most knowledge of the files and business records that VHU maintains and the manner in which records are created and kept in VHU's ordinary course of regularly conducted business and affairs relating to all transportation services provided by VHU to Amazon.

4.      The terms and conditions of the Delivery Provider Terms of Service and all other contracts and agreements, all amendments and Work Orders thereto, by, between and among Amazon and VHU, including without limitation Amazon's and VHU's respective rights, responsibilities and obligations under all such contracts and agreements.

5.      The Outstanding and Unpaid Accounts (as defined in Exhibit A) including without limitation: (a) the services provided by VHU to Amazon in connection with each of the Outstanding and Unpaid Accounts; (b) communications between VHU and Amazon relating to the performance of transportation and any other services and requests for payment of the Outstanding and Unpaid Accounts; (c) all documents supporting the obligations reflected in each of the Outstanding and Unpaid Accounts; (d) efforts taken by VHU to obtain payment of the Outstanding and Unpaid Accounts from Amazon.

6.      All communications between Amazon on the one hand and VHU on the other hand relating to the transportation and any other services provided by VHU to Amazon, Amazon's

EXHIBIT B
No. 2:16-cv-01232-RSL

Ullman & Ullman, P.A.
7700 W. Camino Real, Suite 401
Boca Raton, FL 33433
Phone (561) 338-3535
Fax (561) 338-3581

1    review of VHU's invoices, Amazon's payment and non-payment of VHU's invoices, and the
2    Outstanding and Unpaid Accounts (as defined in Exhibit A above).

3        7.      All e-mails, letters, telephone conversations or other communications between
   Amazon and VHU relating to Diversified since September 30, 2015.

4

5        8.      All of VHU's internal communications and communications by, between and
   among Amazon and VHU and/or Amazon and any governmental agency relating to any claims for
6    unpaid wages by VHU's employees, contractors and/or subcontractors.

7        9.      All money Amazon paid to any governmental agency or any employee, contractor or
   subcontractor of VHU in connection with claims for unpaid wages by VHU and/or VHU's
8    employees, contractors and/or subcontractors, including without limitation, the amount paid by
   Amazon and the reason(s) for which such money was paid by Amazon.
9

10       10.      All efforts taken by VHU to satisfy any claims made by VHU's current or former
   employees, contractors and/or subcontractors for unpaid wages.

11

12       11.      All invoices issued by VHU to Amazon for transportation or any other services
   provided by VHU to Amazon since April 1, 2015.

13       12.      All actions taken by or on behalf of VHU in order to recover money from any
14    Person, including without limitations any insurance providers, due to money paid by Amazon to any
   Person or governmental agency for claims for unpaid wages by VHU and/or VHU's employees,
15    contractors and/or subcontractors.

16       13.      Amazon's review, approval, or rejection of any invoices submitted by VHU to
17    Amazon for payment.

18       14.      Any requests by VHU to Amazon to cancel any invoices submitted by VHU to
   Amazon for payment.
19

20       15.      Any corrections or resubmissions of invoices made by VHU for invoices issued by
   VHU to Amazon in connection with transportation or other services provide by VHU to Amazon.

21

22

23

24

25

26

Ullman & Ullman, P.A.
7700 W. Camino Real, Suite 401
Boca Raton, FL 33433
Phone (561) 338-3535
Fax (561) 338-3581

## EXHIBIT C

## REQUESTS FOR PRODUCTION

1.      All Documents and ESI between and among Amazon and VHU relating to: (a) VHU's provision of goods and/or transportation or any other services provided to Amazon; (b) Amazon's payment of goods and/or transportation or any other services provided by VHU to VHU; and/or (c) claims and/or demands for payments of wages by VHU employees, including without limitation, emails, correspondence, text messages, contracts, agreements, promissory notes, demands, notices, memoranda, and notes (including all drafts and amendments).

2.      All Documents and ESI relating to and/or evidencing VHU's dealings with Amazon including: (a) all invoices issued by VHU to Amazon; (b) all correspondence between and among VHU and Amazon relating to the submission of invoices for payment, including the Outstanding and Unpaid Accounts; (c) all screenshots or other printouts of information submitted by VHU to Amazon through any portal or other database; and (d) all contracts and agreements by, between and among VHU and Amazon.

3.      All Documents and ESI relating to or reflecting any transfers of value (i.e., money, goods or property) between or among VHU and Amazon, including without limitation, notes, correspondence, invoices, ledgers, receipts, checks (front and back), cancelled checks, bank statements, ATM receipts, withdrawal receipts, transfer confirmations, wire confirmations, wire receipts, drafts, contracts, memoranda, payment receipts, and/or internal accounting records.

4.      All invoices issued by VHU to Amazon for transportation or any other services provided by VHU to Amazon between April 1, 2015 and the date of Your Response to this Subpoena.

5.      All Documents and ESI relating to, identifying and/or evidencing payments by Amazon to You, between April 1, 2015 and the date of Your Response to this Subpoena, including without limitation, cancelled checks, bank statements, wire confirmations, wire receipts, payments receipts, and/or internal accounting records.

6.      All Documents and ESI relating to the Outstanding and Unpaid Accounts including without limitation: (a) the transportation or any other services provided by VHU to Amazon in connection with each of the Outstanding and Unpaid Accounts (as defined in Exhibit A); (b) communications between VHU and Amazon relating to the performance of transportation or other services by VHU and requests for payment of the Outstanding and Unpaid Accounts (as defined in Exhibit A); (c) all documents supporting the obligations reflected in each of the Outstanding and Unpaid Accounts (as defined in Exhibit A); and (d) Documents and ESI evidencing any and all efforts taken by VHU to obtain payment of the Outstanding and Unpaid Accounts (as defined in Exhibit A) from Amazon.

7.      All communications between Amazon on the one hand and VHU on the other hand relating to the transportation or other services provided by VHU to Amazon, Amazon's

EXHIBIT C - 1
No. 2:16-cv-01232-RSL

Ullman & Ullman, P.A.
7700 W. Camino Real, Suite 401
Boca Raton, FL 33433
Phone (561) 338-3535
Fax (561) 338-3581

review of VHU's invoices, Amazon's payment and non-payment of VHU's invoices, and the Outstanding and Unpaid Accounts (as defined in Exhibit A).

8.     All emails, letters, telephone conversations or other communications between Amazon and VHU relating to Diversified since September 30, 2015.

9.     All of VHU's internal communications and communications by, between and among Amazon and VHU and/or Amazon and any governmental agency relating to any claims for unpaid wages by VHU's employees, contractors and/or subcontractors.

10.     All Documents and ESI relating to and/or reflecting any and all efforts taken by VHU to satisfy any claims for unpaid wages made by VHU's current or former employees, contractors, and/or subcontractors.

11.     All invoices issued by VHU to Amazon for transportation or any other services provided by VHU to Amazon since April 1, 2015.

12.     All Documents and ESI relating to Amazon's review, approval, or rejection of any invoices submitted by VHU to Amazon for payment.

13.     All Documents and ESI relating to VHU's request to cancel any invoices submitted by VHU to Amazon for payment.

14.     All Documents and ESI relating to VHU's corrected or resubmitted invoices to Amazon for payment.

EXHIBIT C - 2
No. 2:16-cv-01232-RSL

Ullman & Ullman, P.A.
7700 W. Camino Real, Suite 401
Boca Raton, FL 33433
Phone (561) 338-3535
Fax (561) 338-3581

## Jocelyne A. Macelloni

| | |
|---|---|
| **From:** | Jocelyne A. Macelloni |
| **Sent:** | Tuesday, March 21, 2017 2:43 PM |
| **To:** | 'Lisa Bythewood' |
| **Subject:** | RE: Diversified Lenders, LLC v. Amazon Logistics, Inc. et. al |

Ms. Bythewood,

How did you send documents to me "electronically"?

I have only received three emails from you titled: "Fwd: Completed: Please DocuSign this document: VHU Express Work Order FINAL 2015-03-16.pdf;" "Fwd: 1049 – 1066" and "Fwd: Invoices 1067 – 1087."

Should I be expecting more documents? If so, what is the volume of the documents?

Based upon my knowledge I the case, I would expect to be receiving thousands of pages of documents from you. If you have attempted to send them all by email, we may need to arrange for them to be delivered through dropbox as our server may reject such a large volume of documents.

Please advise.

Jocelyne

**From:** Lisa Bythewood [mailto:lbythewood@gmail.com]
**Sent:** Tuesday, March 21, 2017 2:42 PM
**To:** Jocelyne A. Macelloni
**Subject:** Re: Diversified Lenders, LLC v. Amazon Logistics, Inc. et. al

I sent everything you asked me for electronically

Sent from my iPhone

On Mar 21, 2017, at 2:26 PM, Jocelyne A. Macelloni <jocelyne.macelloni@uulaw.net> wrote:

> Ms. Bythewood,
>
> Before I proceed with filing a motion with the Court, please clarify whether documents responsive to the Subpoena have been mailed to my office or by "information sent" you are simply referring to the three e-mails that you forwarded to me at 12:16 and 12:20 p.m. today.
>
> I appreciate your prompt attention to this matter.
>
> Regards,
>
> Jocelyne
>
> **From:** Lisa Bythewood [mailto:lbythewood@gmail.com]
> **Sent:** Tuesday, March 21, 2017 1:37 PM
> **To:** Jocelyne A. Macelloni
> **Subject:** Re: Diversified Lenders, LLC v. Amazon Logistics, Inc. et. al

1

EXHIBIT
tabbies
2

information sent


On Mon, Mar 20, 2017 at 2:48 PM, Jocelyne A. Macelloni <jocelyne.macelloni@uulaw.net>
wrote:

Ms. Bythewood,


Neither of the excuses stated in your email below release VHU of its obligation to produce documents in
response to the Subpoena. We will be proceeding with filing the Motion for Contempt.


If and when you obtain the documents from the storage unit, please contact me immediately to arrange
for their copying.


Thank you,


Jocelyne Macelloni


**From:** Lisa Bythewood [mailto:lbythewood@gmail.com]
**Sent:** Monday, March 20, 2017 10:05 AM


**To:** Jocelyne A. Macelloni
**Subject:** Re: Diversified Lenders, LLC v. Amazon Logistics, Inc. et. al


Hi Jocelyn,


Are you Diversified's attorney or Amazon's attorney?


I do not have any additional documents other than what have been turned over to Diversified.

We are no longer in business because of this entire incident and I do not have access to any of these documents that have been placed in storage and I am not able to access them because I am locked out of my storage unit because of non payment.

Diverisified sent an auditor to my place of business that should have ALL of these documents and more. I'll be present at the Deposition however will not be able to provide these documents you're requesting

On Mon, Mar 20, 2017 at 9:47 AM, Jocelyne A. Macelloni <jocelyne.macelloni@uulaw.net> wrote:

Ms. Bythewood,

The documents that we are expecting to receive are those documents listed in Exhibit C to the attached Subpoena, reprinted herein for your convenience:

1.      All Documents and ESI between and among Amazon and VHU relating to: (a) VHU's provision of goods and/or transportation or any other services provided to Amazon; (b) Amazon's payment of goods and/or transportation or any other services provided by VHU to VHU; and/or (c) claims and/or demands for payments of wages by VHU employees, including without limitation, emails, correspondence, text messages, contracts, agreements, promissory notes, demands, notices, memoranda, and notes (including all drafts and amendments).

2.      All Documents and ESI relating to and/or evidencing VHU's dealings with Amazon including: (a) all invoices issued by VHU to Amazon; (b) all correspondence between and among VHU and Amazon relating to the submission of invoices for payment, including the Outstanding and Unpaid Accounts; (c) all screenshots or other printouts of information submitted by VHU to Amazon through any portal or other database; and (d) all contracts and agreements by, between and among VHU and Amazon.

3.      All Documents and ESI relating to or reflecting any transfers of value (i.e., money, goods or property) between or among VHU and Amazon, including without limitation, notes, correspondence, invoices, ledgers, receipts, checks (front and back), cancelled checks,

3

bank statements, ATM receipts, withdrawal receipts, transfer confirmations, wire confirmations, wire receipts, drafts, contracts, memoranda, payment receipts, and/or internal accounting records.

4.     All invoices issued by VHU to Amazon for transportation or any other services provided by VHU to Amazon between April 1, 2015 and the date of Your Response to this Subpoena.

5.     All Documents and ESI relating to, identifying and/or evidencing payments by Amazon to You, between April 1, 2015 and the date of Your Response to this Subpoena, including without limitation, cancelled checks, bank statements, wire confirmations, wire receipts, payments receipts, and/or internal accounting records.

6.     All Documents and ESI relating to the Outstanding and Unpaid Accounts including without limitation: (a) the transportation or any other services provided by VHU to Amazon in connection with each of the Outstanding and Unpaid Accounts (as defined in Exhibit A); (b) communications between VHU and Amazon relating to the performance of transportation or other services by VHU and requests for payment of the Outstanding and Unpaid Accounts (as defined in Exhibit A); (c) all documents supporting the obligations reflected in each of the Outstanding and Unpaid Accounts (as defined in Exhibit A); and (d) Documents and ESI evidencing any and all efforts taken by VHU to obtain payment of the Outstanding and Unpaid Accounts (as defined in Exhibit A) from Amazon.

7.     All communications between Amazon on the one hand and VHU on the other hand relating to the transportation or other services provided by VHU to Amazon, Amazon's review of VHU's invoices, Amazon's payment and non-payment of VHU's invoices, and the Outstanding and Unpaid Accounts (as defined in Exhibit A).

8.     All emails, letters, telephone conversations or other communications between Amazon and VHU relating to Diversified since September 30, 2015.

9.     All of VHU's internal communications and communications by, between and among Amazon and VHU and/or Amazon and any governmental agency relating to any claims for unpaid wages by VHU's employees, contractors and/or subcontractors.

10.     All Documents and ESI relating to and/or reflecting any and all efforts taken by VHU to satisfy any claims for unpaid wages made by VHU's current or former employees, contractors, and/or subcontractors.

11.     All invoices issued by VHU to Amazon for transportation or any other services provided by VHU to Amazon since April 1, 2015.

12.     All Documents and ESI relating to Amazon's review, approval, or rejection of any invoices submitted by VHU to Amazon for payment.

13.     All Documents and ESI relating to VHU's request to cancel any invoices submitted by VHU to Amazon for payment.

14.     All Documents and ESI relating to VHU's corrected or resubmitted invoices to Amazon for payment.

**From:** Lisa Bythewood [mailto:lbythewood@gmail.com]
**Sent:** Monday, March 20, 2017 9:48 AM
**To:** Jocelyne A. Macelloni
**Subject:** Re: Diversified Lenders, LLC v. Amazon Logistics, Inc. et. al


Jocelyn,


What documents are you expecting to receive?


On Mon, Mar 20, 2017 at 9:30 AM, Jocelyne A. Macelloni <jocelyne.macelloni@uulaw.net>
wrote:

Ms. Bythewood,


On March 8, 2017, Christopher Stroud, as the COO of Vertical Holdings Unlimited, LLC
("VHU"), was served with a copy of the attached Subpoena to Testify at a Civil Action directed
to VHU (the "Subpoena"). Thereafter, on March 10, 2017, you were also served with a copy of
the attached Subpoena, along with a Subpoena for your personal appearance at a deposition on
March 28, 2017.


The Subpoena directed to VHU requires VHU to appear at a deposition on March 28, 2017, and,
additionally, required VHU to produce the documents listed in Exhibit C to the Subpoena by no
later than **Friday, March 17, 2017**. It is now March 20, 2017, and we have not received any
documents from VHU.


If VHU does not produce responsive documents by the **close of business today**, we intend to file
a Motion for Contempt with the Court tomorrow morning, asking the Court to hold VHU, and
you individually as an officer of the company, in contempt of Court.


VHU's options for producing documents in response to the Subpoena are as follows:

5

1.   Electronically, via e-mail, dropbox, or any other electronic method that is convenient to VHU.

2.   Hard copies of documents can be shipped to our office via FedEx, UPS or US Priority Mail and we will reimburse you for shipping costs. Please simply provide us with the tracking number before the close of business today.

3.   We can arrange for a copy service company to pick up the documents today, and, depending on volume, can have the documents copied and returned to you within 24 hours. If a copy service company is the option that you prefer, please call me directly at (561) 338-3535 and I will arrange for someone to come out to you this afternoon.

Please let me know which method you intend to utilize. We look forward to hearing from you.

Regards,

**Jocelyne A. Macelloni, Esq.**

Attorney at Law

**Ullman & Ullman, P.A.**

7700 W. Camino Real · Suite 401 · Boca Raton · Florida · 33433

T: 561.338.3535 · F: 561.338.3581 · W: http://www.uulaw.net

This message and all attachments are confidential and may be protected by the attorney-client or other privileges. Any review, use, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission or calling Ullman & Ullman at 561-338-3535 and delete this message and any copy of it (in any form) without disclosing it. Unless expressly stated in this e-mail, nothing in this message should be construed as a digital or electronic signature.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.