UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIVERSIFIED LENDERS, LLC,

      Plaintiff,

v.                                      Case No. 8:17-mc-37-T-36AEP

AMAZON LOGISTICS, INC., *et al.*,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Diversified Lenders, LLC ("Diversified") initiated this action by filing a motion seeking an order directing Defendant Vertical Holdings Unlimited, LLC d/b/a VHU Express ("VHU") to show cause why it should not be held in civil contempt of court for complying with a subpoena, to compel production of documents in response to a subpoena, and to request sanctions ("Motion to Show Cause") (Doc. 1). According to Diversified, the underlying action involves collection of outstanding and unpaid accounts totaling more than $1.7 million owed to Diversified by Defendant Amazon Logistics, Inc. ("Amazon") for transportation and delivery services provided by VHU to Amazon, with the right to receive payment assigned by VHU to Diversified. Diversified asserts that Amazon defended Diversified's claims by, among other things, alleging that it paid Diversified all monies due and owing to VHU and that it may offset monies due to Diversified that Amazon paid to VHU's employees for unpaid wages. To assist in gathering facts to prosecute its claims against Amazon and to refute Amazon's defenses, Diversified issued a subpoena to VHU on March 1, 2017 ("VHU Subpoena") (Doc. 1, Ex. 1). Diversified contends that it initially served the VHU Subpoena upon VHU's Chief Operating Officer, Christopher Stroud, and subsequently served

a copy upon VHU's Registered Agent and Managing Member, Lisa Bythewood ("Ms. Bythewood"), along with a subpoena for her personal appearance at a deposition. The VHU Subpoena provided that VHU was to produce documents and appear for a deposition. According to Diversified, VHU failed to produce any documents by the deadline set forth in the subpoena, did not request an extension of time to respond to the subpoena, and did not file or serve any objection to the subpoena.

Following VHU's non-compliance with the deadlines set forth in the VHU Subpoena, Diversified contacted Ms. Bythewood via e-mail in an effort to obtain the documents from VHU (*see* Doc. 1, Ex. 2). In response, Ms. Bythewood responded that Diversified had received all documents when Diversified conducted an audit of VHU and that any responsive documents were located in a storage unit, which she did not have access to because of non-payment. Diversified states that Ms. Bythewood subsequently forwarded Diversified's counsel three single-page e-mails from her Gmail account, with a total of ten PDF documents attached containing one to three-page documents relating to only six of the invoices issued by Amazon to VHU, even though Diversified estimates that the total number of invoices exceeds one hundred in total. Upon questioning from Diversified's counsel as to the production made, Ms. Bythewood indicated that she sent everything electronically with her e-mail. No further production was made.

By the Motion to Show Cause, Diversified requested that the Court issue an order for VHU, through its managing members, Ms. Bythewood and Craig Bythewood ("Mr. Bythewood") (collectively, "the Bythewoods"), to show cause why VHU should not be held in contempt for failing to comply with the subpoena issued by Diversified, order that VHU could purge itself of contempt by producing the requested documents, and award Plaintiff its fees and costs in bringing the action (Doc. 1). Upon consideration, the undersigned entered an Order

2

scheduling a hearing on the motion (Doc. 3) and subsequently conducted the hearing on the motion, at which VHU failed to appear, despite receiving notice of the hearing. After hearing oral argument on the motion, the undersigned issued an Order (Doc. 16), on April 20, 2017, directing that VHU produce all records responsive to the outstanding subpoenas within 20 days of the Order. The undersigned also scheduled a show cause hearing at which VHU was commanded to appear to show cause as to why contempt proceedings should not proceed against it and its managing members for failure to respond to Diversified's subpoena. The Order additionally stated that, if VHU complied with Diversified's subpoena prior to the show cause hearing, and Diversified notified the Court of the same, the undersigned would cancel the hearing and the civil contempt proceedings would not commence. If, however, VHU failed to appear at the hearing, the undersigned would commence the civil contempt process, which could include the imposition of fines and/or incarceration.

Subsequently, on May 17, 2017, the undersigned conducted the show cause hearing, at which VHU again failed to appear. During the hearing, Diversified informed the Court that discovery was still outstanding and that VHU's managing members would not respond to communications from counsel. As a result, the undersigned entered an Order (Doc. 24) directing Diversified to file its motion for contempt within fourteen days of the issuance of the Order. As directed, Diversified filed its Motion to Institute Contempt Proceedings against VHU and its managing members, the Bythewoods (Doc. 28). By the instant motion, Diversified requests that, given VHU's failure to comply with the subpoena or the Court's Orders, the Court should find VHU and the Bythewoods in civil contempt and institute contempt proceedings, including the incarceration of the Bythewoods, and also impose sanctions.

### I. Discussion

#### A. Contempt

Where a party or a party's officer, director, or managing agent fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders, including treating as contempt of court the failure to obey an order. Fed. R. Civ. P. 37(b)(2)(A)(vii). Civil contempt, as opposed to criminal contempt, provides courts with a sanction to enforce compliance with an order of the court or to compensate a complainant for losses or damages sustained by reason of noncompliance. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (citations omitted); *cf. Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990) ("Every civil contempt proceeding is brought to enforce a court order that requires the defendant to act in some defined manner. The defendant then allegedly acts, or refuses to act, in violation of the order. The plaintiff would like the defendant to obey the court order and requests the court to order the defendant to show cause why he should not be held in contempt and sanctioned until he complies."). Indeed, courts unquestionably maintain inherent power to enforce compliance with their lawful orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) ("Courts have inherent power to enforce compliance with their lawful orders through civil contempt."). The underlying concern giving rise to this contempt power is not merely the disruption of court proceedings but rather the disobedience to orders of the judiciary and abuse of the judicial process. *See Chambers v. NASCO*, 501 U.S. 32, 44 (1991) (citation omitted). Accordingly, civil contempt sanctions are penalties designed to compel future compliance with a court order and are thus considered to be coercive and avoidable through obedience, so such sanctions may be imposed

in an ordinary civil proceeding upon notice and an opportunity to be heard. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994); *cf. United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988) ("If the contempt order was designed to exert pressure on the recalcitrant party, a device to compel compliance with an earlier court decree, then the proceeding was civil.") (citation omitted).

A party seeking civil contempt must establish by clear and convincing evidence that the purported contemnor violated the court's prior order. *Roberts*, 858 F.2d at 700 (citation omitted); *cf. Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) ("A finding of civil contempt—willful disregard of the authority of the court—must be supported by clear and convincing evidence."). Namely, a finding of civil contempt must be supported by clear and convincing evidence demonstrating that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. *See F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citation omitted); *Riccard*, 307 F.3d at 1296. Once the party seeking contempt makes this *prima facie* showing, the burden shifts to the alleged contemnor to produce detailed evidence specifically explaining why he or she cannot comply, which requires more than a mere assertion of inability to comply. *Roberts*, 858 F.2d at 701; *see Leshin*, 618 F.3d at 1232. Further, the absence of willfulness is not a defense to a charge of civil contempt, nor are substantial, diligent, or good faith efforts enough – the only issue is compliance. *Leshin*, 618 F.3d at 1232 (citations omitted).

In this instance, Diversified asks the Court to hold VHU and its corporate officers in contempt for failing to comply with the subpoena and the Court's Orders. Upon consideration of the refusal of a corporate officer to provide documents in response to a subpoena issued to a corporation, the Supreme Court stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to

> the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt. … "'As the corporation can only act through its agents, the courts will operate upon the agents through the corporation. When a copy of the writ which has been ordered is served upon the clerk of the board, it will be served on the corporation, and be equivalent to a command that the persons who may be members of the board shall do what is required. If the members fail to obey, those guilty of disobedience may, if necessary, be punished for contempt. Although the command is in form to the board, it may be enforced against those through whom alone it can be obeyed.'"

*Wilson v. U.S.*, 221 U.S. 361, 376-77 (1911) (quoting *Leavenworth Cty. v. Sellew*, 99 U.S. 624, 627 (1878)). Indeed, courts have held a corporate entity and its corporate officer(s) in contempt for failing to comply with orders of a court. *See Leshin*, 618 F.3d at 1236 (finding that a district court did not abuse its discretion by holding corporate officers in contempt for disobeying and violating a known injunctive order); *see Connolly v. J.T. Ventures*, 851 F.2d 930, 934-35 (7th Cir. 1988) (affirming a district court's decision to hold in contempt, and therefore finding joint and several liability with the corporation, the president and vice president of a corporate entity, as officers of the corporation charged with ensuring the corporation's compliance with a settlement agreement, for violating the terms of a settlement agreement); *Air Am., Inc. v. Hatton Bros., Inc.*, 570 F. Supp. 747, 749-50 (S.D. Fla. 1983) (concluding that a corporation and its president be held in civil contempt for failing to comply with a final judgment requiring the corporation to turn over possession of an aircraft and ordering the incarceration of the corporation's president until compliance, as well as awarding the plaintiff sanctions for its expenses incurred in prosecuting the contempt proceeding to obtain compliance). As Diversified explains, public records indicate that the Bythewoods are the Managing Members of VHU, with Ms. Bythewood identified as its registered agent (Doc. 28, Ex. A). Further, Ms. Bythewood previously provided testimony indicating that she served as the Chief Executive Officer for VHU and that Mr. Bythewood served as the Chief Financial Officer for VHU (Doc.

28, Ex. B). Additionally, Ms Bythewood indicated that responsive documents are located on her personal laptop and in a storage unit owned by her; all documents produced on behalf of VHU and agreements to produce documents on behalf of VHU were provided by Ms. Bythewood; and both Ms. Bythewood and Mr. Bythewood have accepted service on behalf of VHU in this action (Doc. 28, Exs. C-F). As such, both Ms. Bythewood and Mr. Bythewood have acted on behalf of VHU and maintain authority to comply or prevent compliance with the subpoena issued by Diversified and the Orders issued by the Court. In this action, the Bythewoods prevented compliance or failed to take appropriate action within their power for the performance of the corporate duty, and thus are guilty of disobedience, so may be punished for contempt. *Wilson*, 221 U.S. at 376-77. Given the non-compliance of VHU and, in turn, the Bythewoods, as VHU's corporate officers, with the subpoena and the Court's Orders, both VHU and the Bythewoods should be held in contempt.

Indeed, as detailed above, clear and convincing evidence establishes that the Court's Orders were valid, lawful, and clear and unambiguous and that VHU and the Bythewoods could comply with the Orders simply by producing the outstanding discovery or could appear before the Court to demonstrate cause as to why they could not comply. Neither VHU nor the Bythewoods complied with the Court's Orders, or the original subpoena, or appeared for hearings to explain to the Court the basis for their noncompliance. Accordingly, the undersigned recommends that the Court provide VHU and the Bythewoods one final opportunity to comply with the subpoena and the Court's Orders. If VHU and the Bythewoods fail to comply, the undersigned recommends that the Court hold VHU, Ms. Bythewood, and Mr. Bythewood in civil contempt until such time as VHU and the Bythewoods comply with this Court's Orders by providing the discovery requested by the subpoena. Specifically, the undersigned recommends that the Court incarcerate Ms. Bythewood and Mr. Bythewood until

such time as they provide discovery responses to Diversified, and therefore comply with the Court's Orders and subpoena.

### B.     Sanctions

Diversified also seeks an award of sanctions against VHU and the Bythewoods in the amount of $6,848.00, which represents $6,410.00 in attorney's fees; $342.00 in paralegal's fees; and $96.00 in costs incurred in this action (Doc. 28, Ex. F). As Diversified contends, VHU and the Bythewoods failed to properly respond to Diversified's request for discovery, thereby necessitating the initiation of this action and the filing of the Motion to Show Cause. Subsequently, VHU and the Bythewoods failed to comply with the Court's Order setting a hearing on the Motion to Show Cause (Doc. 3) or the Court's Order directing that all records responsive to discovery be produced (Doc. 16). Likewise, neither VHU nor the Bythewoods appeared for either hearing scheduled in this matter.

Pursuant to Rule 37, Federal Rules of Civil Procedure, if a motion to compel disclosure or discovery response "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Furthermore, where a party or a party's officer, director, or managing agent fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders, including treating as contempt of court the failure to obey an order, and must order the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the

failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(A)(vii) & (C). Rule 37 thus provides courts with broad discretion to fashion appropriate sanctions for violation of discovery orders. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). In determining the appropriate sanctions, courts must diligently apply Rule 37 sanctions both "'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

In this instance, given the failure of VHU and the Bythewoods to properly provide discovery to Diversified and to comply with the Court's Orders in this action, an award of attorney's fees and costs in the amount of $6,848.00 in favor of Diversified and against VHU and the Bythewoods as sanctions is warranted. Indeed, upon review, the fees requests and costs incurred are reasonable. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303-04 (11th Cir. 1988) (indicating that a court may make a fee award based on its own experience). Namely, Diversified seeks attorney's fees in the amount of $6,410.00 for 18 hours of attorney time at a rate of $325.00 per hour and 1.6 hours of attorney time at a rate of $350.00 per hour. *See Grigoli v. Scott Cochrane Inc.*, No. 8:14-cv-844-T-23EAJ, 2015 WL 4529032, at *6-8 (M.D. Fla. July 27, 2015) (awarding hourly rates ranging from $150.00 to $350.00 for sanctions awarded pursuant to the court's inherent power in a civil action). Additionally, Diversified seeks $342.00 in fees for 3.8 hours of work performed by a paralegal at a rate of $90.00 per hour. *See Butdorf v. SC Maintenance, Inc.*, CASE No. 8:15-CV-916-T-23TGW, 2015 WL 9694516, at *2 (M.D. Fla. Dec. 7, 2015), *report and recommendation adopted*, CASE No. 8:15-CV-916-T-23TGW, 2016 WL 112372 (M.D. Fla. Jan. 11, 2016) (determining an hourly rate of

$95.00 is a customary rate for paralegal services); *Knight v. Paul & Ron Enter., Inc.*, No. 8:13-cv-310-T-36EAJ, 2015 WL 2401504, at *4 (M.D. Fla. May 19, 2015) (awarding an hourly rate of $105.00 for a paralegal with more than ten years of experience). Based upon the undersigned's experience, both the fees requested and the hours expended are reasonable. As such, Diversified should be awarded fees in the amount of $6,752.00.

Diversified also seeks incurred costs in the amount of $96.00, which includes the $47.00 miscellaneous action filing fee and the $49.00 server fee for service of the Court's April 20, 2017 Order (Doc. 16). Both the filing fee and the fee for a private process server are taxable as costs. 28 U.S.C. § 1920(1) (permitting taxation of the fees of the clerk and marshal as costs); *see U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (holding that private process server fees may be taxed pursuant to 28 U.S.C. § 1920(1) so long as such fees do not exceed the statutory fees authorized in 28 U.S.C. § 1921);[2] *see Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) (finding that "[f]ees of the clerk and marshal include filing fees and are clearly taxable"). Accordingly, Diversified should be awarded costs in the amount of $96.00.

## II.     Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

---

[2] Under 28 U.S.C. § 1921, the United States marshals may tax as costs fees for service of a summons or complaint. 28 U.S.C. § 1921(a)(1)(A). The fee for process served or executed personally is $65.00 per hour. 28 C.F.R. § 0.114(a)(3). The fee for service of process requested by Diversified in the amount of $47.00 is thus reasonable as it does not exceed the authorized statutory fees.

1. Diversified Lenders, LLC's Motion to Institute Contempt Proceedings against Vertical Holdings Unlimited, LLC and its Managing Members Lisa Bythewood and Craig Bythewood (Doc. 28) be GRANTED.

2. Vertical Holdings Unlimited, LLC be given thirty days from the date of the district judge's Order on the Motion to Institute Contempt Proceedings against Vertical Holdings Unlimited, LLC, and its Managing Members Lisa Bythewood and Craig Bythewood to provide responses to the outstanding discovery. If Vertical Holdings Unlimited, LLC fails to provide the outstanding discovery responses within the thirty-day period, and Plaintiff files a notice indicating such noncompliance at the expiration of that time period, the district judge hold Vertical Holdings Unlimited, LLC, in contempt and hold Lisa Bythewood and Craig Bythewood in contempt by incarcerating both of them until such time as they provide discovery responses to Diversified Lenders, LLC, and therefore comply with the Court's Orders. If, however, Vertical Holdings Unlimited, LLC, complies within the applicable time period, Plaintiff be directed to file a notice of compliance as expeditiously as possible and no contempt sanctions be issued against Vertical Holdings Unlimited, LLC, or the Bythewoods.

3. Diversified Lenders, LLC, be awarded attorney's fees in the amount of $6,752.00 and costs in the amount of $96.00. Within thirty days of the district judge's order on the Motion to Institute Contempt Proceedings against Vertical Holdings Unlimited, LLC and its Managing Members Lisa Bythewood and Craig Bythewood (Doc. 28), Vertical Holdings Unlimited, LLC and the Bythewoods be directed to pay fees and costs to Diversified Lenders, LLC in the amount of $6,848.00.

4. Within five days of the date of this Order, the U.S. Marshal is directed to serve a copy of this Report and Recommendation upon Vertical Holdings Unlimited, LLC, at the following address, identified as the address for the registered agent (*see* Doc. 28, Ex. A):

>1208 Facet View Way
>Valrico, Florida 33594

The U.S. Marshal is directed to serve two copies of this Report and Recommendation – one for Lisa Bythewood and one for Craig Bythewood – at the following address, previously identified by Lisa Bythewood as her home address where she could be served (*see* Doc. 28, Ex. E):

>10511 Martinique Isle Drive
>Tampa, Florida 33647

The U.S. Marshal shall then file a Notice of Service as expeditiously as possible thereafter.

IT IS SO CERTIFIED and REPORTED in Tampa, Florida, on this 4th day of December, 2017.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

cc: Hon. Charlene E. Honeywell
    Counsel of Record